UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HEATHER DE MIAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:18-CV-01680-AGF |
| | ) |
| CITY OF SAINT LOUIS, MISSOURI, et al., | ) |
| | ) |
| | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on defendant William Olsten's motion to stay proceedings, filed on October 3, 2019. ECF No. 43. Plaintiff Heather De Mian, an independent journalist, filed this claim under 42 U.S.C. § 1983, and the First, Fourth, and Fourteenth Amendments to the Constitution.

Plaintiff claims that while documenting protest activity on September 29, 2017, following the September 15, 2017 verdict in *State of Missouri v. Stockley*, former St. Louis Metropolitan Police Department Officer William Olsten pepper sprayed her and three others without warning. Plaintiff brings this action against defendant Olsten, as well as against Chief of Police John Hayden and the City of St. Louis. This is one of several cases currently pending against Olsten with respect to his conduct during the September 29, 2017, *Stockley* protest.

As Olsten has done in other cases pending against him, he moves to stay proceedings in this case. For the reasons that follow, the Court will grant in part and deny in part the motion to stay proceedings.

## **BACKGROUND**

Taken as true for the purpose of this motion, the facts alleged in the Second Amended Complaint ("Complaint") are as follows. On September 15, 2017, the Circuit Court of the City of St. Louis issued its findings and verdict in *Stockley*, prompting some members of the public to engage in protests around the City. The protests concerned not only the verdict but broader issues, including alleged racism in the criminal justice system and the use of force by police officers against African-American citizens. ECF No. 16 ¶¶ 13-27.

Plaintiff De Mian is an independent journalist who documents protest activity. Due to Plaintiff's connective tissue disorder, she requires a wheelchair for mobility. On September 29, 2017, Plaintiff attended a protest against police violence that occurred on the streets of downtown St. Louis. Plaintiff was using her mobilized wheelchair and wearing a neck lanyard that identified her as a member of the press. She used her personal camera during the protest to livesteam the demonstration. *Id.* ¶ 62.

The protest began at approximately 7:00 p.m. and continued over the course of several hours. Around 9:00 p.m., protestors began marching their way south on Broadway toward Busch Stadium. Upon arriving at the intersection of Broadway and Walnut, SLMPD officers "began indiscriminately using pepper spray on civilians without provocation of violence or criminal behavior." *Id.* ¶¶ 38, 44-45. One SLMPD officer "violently threw" a protestor to the ground, causing protestors and bystanders "to loudly voice their disapproval of the force

2

used." *Id.* ¶¶ 47-49. At the same time, two officers chased, caught, and tasered another protestor without warning. *Id.* ¶¶ 50-53. Protestors began to loudly question why SLMPD tasered the protestor. *Id.* ¶ 54.

Defendant Olsten was one of the officers who was present on the scene. In response to complaints about SLMPD's conduct, Olsten began to move toward a protestor and yelled "Come and fuck me up then," while two other officers attempted to grab him, calm him, and move him away from the crowd. The complaint alleges there is video evidence showing that defendant Hayden, then an SLMPD Major, was standing five feet away from Olsten as Olsten became observably more agitated, "very pronouncedly chomp[ing] on his gum" and "flex[ing] his body." *Id.* ¶¶ 56-57. Without warning, Olsten then pulled out and sprayed "a large fogger like canister of pepper spray" hitting Plaintiff and three other people. *Id.* ¶¶ 59-61.

Plaintiff began to feel excruciating pain from the pepper spray, her eyes began to burn, mucus ran from her nose, and her breathing became labored. *Id.* ¶ 64. Plaintiff further alleges that her motorized wheelchair and camera were "doused" with the pepper spray, resulting in property damage. *Id.* ¶ 141. Olsten did not effectuate any arrests after utilizing the pepper spray, but instead "calmly walked away." *Id.* ¶ 22. During this incident, Hayden "took no steps to prevent his officers from inflicting punishment on peaceful protestors and members of the media," but is instead observed in a video of the incident "using a cell phone to record the activities and the police response." *Id.* ¶ 67.

Plaintiff asserts federal claims under 42 U.S.C. § 1983: violation of her First and Fourteenth Amendment rights to assembly, association, free speech, and a free press against

3

Olsten and Hayden (Count I), a conspiracy to deprive Plaintiff of her civil rights (Count II), a *Monell*[1] claim against the City of St. Louis (Count III), and a Fourth and Fourteenth Amendment excessive force claim against Olsten (Count VII).  Plaintiff also asserts state law claims against all Defendants: assault (Count IV), intentional infliction of emotional distress (Count V), negligent infliction of emotional distress (Count VI), battery (Count VIII), and malicious trespass of property (Count IX).

Olsten was originally represented by the St. Louis City Counselor's Office in this case. On July 16, 2019, a criminal complaint was filed against Olsten in the Twenty Second Judicial Circuit for the State of Missouri wherein he was charged with two counts of Assault in the Third Degree-Special Victim, class D felonies, and one count of Assault in the Third Degree, a class E felony.  *See State of Missouri v. William C. Olsten*, Case No. 19220CR02199 (22nd Jud. Cir., State of Mo); ECF No. 37-1 Ex. A.  Count II of the criminal complaint charges Olsten with "knowingly caus[ing] physical injury to H.D. (the plaintiff in this case) a disabled person and special victim by spraying her with pepper spray." ECF No. 37-1 Ex. A.  Citing a conflict of interest between the City of St. Louis and Olsten, the City Counselor's Office moved to withdraw as counsel for Olsten in this case on August 23, 2019. ECF No. 36.  The Court granted the motion to withdraw (ECF No. 40), and Olsten obtained new counsel who filed Olsten's answer to the complaint and the instant motion to stay proceedings.  On September 19, 2019, Olsten was indicted on the three assault charges by a grand jury in the City of St. Louis.

---

[1] *Monell v. Dep't of Soc. Serv. of N.Y.*, 436 U.S. 658 (1978).

Olsten seeks a stay in this action pending final resolution of the criminal prosecution pending against him. Olsten claims that the criminal prosecution arises out of the "same facts and involves identical issues and witnesses" to the current case. He further alleges that he will suffer "substantial, irreparable harm" if this case proceeds because he would be "forced to choose between asserting and preserving his constitutional right against self-incrimination and defending himself in this matter by responding to discovery and testifying." ECF No. 43.

Plaintiff opposes the motion, claiming that Olsten has waived his Fifth Amendment rights by filing an answer in these proceedings that did not assert his Fifth Amendment privilege. Plaintiff further contends that even if the privilege is not waived, that this case can proceed concurrently with the criminal case regardless of whether it requires Olsten to invoke his Fifth Amendment privilege in this proceeding. In the alternative, Plaintiff contends that a stay of the entire case is inappropriate and that discovery should be allowed to proceed against the other Defendants. ECF No. 49.

## DISCUSSION

On January 15, 2020, the Honorable Charles A. Shaw entered a Memorandum and Order granting in part and denying in part a substantially identical motion that Olsten entered in *Aldridge v. City of St. Louis, Mo.*, No. 4:18-CV-1677 CAS (E.D. Mo. Jan. 15, 2020). In that Order, Judge Shaw first determined that Olsten had not waived his Fifth Amendment privilege against self-incrimination by answering the complaint with admissions to "foundational allegations" because his answer denied all of the complaint's substantive

allegations. *Aldridge*, ECF No. 69 at 5. Judge Shaw then evaluated whether a stay would be appropriate after balancing:

> (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.

*Id.* at 7 (citing *White v. Feaman*, No. 4:18-CV-00518-NCC, 2018 WL 5831261, at *2 (E.D. Mo. Nov. 7, 2018) (quoting *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 325 (9th Cir. 1995))). After a thorough analysis, Judge Shaw concluded that a consideration of the relevant factors and a balancing of the rights and inequities claimed by plaintiff Aldridge and defendant Olsten did not warrant a complete stay in the case. *Id.* at 11. Instead, the Court found that the most equitable resolution would be a partial stay of the proceedings as to Olsten to allow him to preserve his Fifth Amendment right, while allowing for discovery to proceed against Hayden and the City of St. Louis. *Id.* The reasoning in *Aldridge* was subsequently adopted in two other cases against Olsten wherein he filed substantially identical motions to stay. *See, e.g.*, *Brown v. City of St. Louis, Mo.*, No. 4:18 CV 1676 (JMB) (E.D. Mo. Jan. 30, 2020); *Brandy v. City of St. Louis, Mo.*, No. 4:18CV1674 JCH (E.D. Mo. Jan. 22, 2020).

Upon careful review of the record in the present case, the undersigned adopts Judge Shaw's reasoning and holding. The Court finds that Olsten has not waived his Fifth Amendment right because his answer in this case denied all of the Complaint's substantive allegations and that granting a stay is appropriate in these proceedings as to Olsten only. The

6

Court will order Plaintiff and Defendants City of St. Louis and Hayden to submit a joint proposal for amendment of the Case Management Order to facilitate discovery between them. Consistent with the schedule set in two of the related cases, Defendant Olsten will be ordered to file a status report concerning the criminal case every 45 days and within 10 days after the entry of a plea or return of a verdict.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant William Olsten's Motion to Stay Proceedings is **GRANTED in part** and **DENIED in part**; the motion is **GRANTED** to the extent that a stay of proceedings is imposed in this matter as to Defendant Olsten only and **DENIED** in all other respects. ECF No. 43.

**IT IS FURTHER ORDERED** that Plaintiff and Defendants City of St. Louis, Missouri and John Hayden shall file a joint proposal for amendment of the Case Management Order by **February 25, 2020.**

**IT IS FURTHER ORDERED** that Defendant Olsten shall file a status report with the Court regarding the status of *State v. Olsten*, Case No. 1922-CR02199-01 (22nd Jud. Cir., State of Mo.), by **March 9, 2020**, and every forty-five days (45) days thereafter during the partial stay, and within ten (10) days after the entry of a plea or return of a verdict.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 11th day of February, 2020