UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HEATHER DE MIAN ) | |
| ) | |
| Plaintiff, ) | |
| ) | Cause# 4:18-CV-01680-AGF |
| v. ) | |
| ) | |
| CITY OF SAINT LOUIS, MISSOURI, ) | |
| COL. JOHN HAYDEN, in his ) | |
| individual capacity, and ) | |
| OFFICER WILLIAM OLSTEN, in his ) | |
| individual capacity. ) | |
| ) | |
| Defendants. ) | |

### DEFENDANT WILLIAM OLSTEN'S FRIST AMENDED CROSSCLAIM

COMES NOW Defendant/Crossclaimant William Olsten ("Olsten"), by and through counsel, and for his First Amended Crossclaim against the City of St. Louis, Missouri states as follows:

1. Plaintiff seeks damages in this action under 42 U.S.C. §1983 on account of an incident involving, among other things, the use of force by Olsten in the City of St. Louis at Busch Stadium on September 29, 2017.

2. At the time, Olsten was employed as a police officer of the City of St. Louis and was on duty acting in that capacity at all relevant times herein.

3. Pursuant to City of St. Louis Ordinance §3.10.040(H), the City is obligated to defend its police officer employees from claims asserted in connection with their acts while on duty. A true and accurate copy of City of St. Louis Ordinance §3.10.040(H) is attached hereto as **Olsten Exhibit A.**

4. Moreover, St. Louis Metropolitan Police Department Special Order 3-05, §XXII(A) provides in part that upon request the SLMPD may provide legal representation

**EXHIBIT A**

and indemnification for an employee who is named as a defendant in a civil action. A true and accurate copy of Special Order 3-05, §XXII(A) is attached hereto as **Olsten Exhibit B**.

5. There are two factors the City weighs to determine if defense and indemnification will be provided:

    a. The employee's actions must have been taken in the scope and course of his/her employment; and

    b. The employee's actions must have been substantially consistent with the law and with the SLMPD's internal policies. Whether or not criminal charges have been filed is taken into consideration under this factor.

6. Defendant Hayden, now Commissioner of the SLMPD, was the highest ranking SLMPD official on the scene of the incident alleged in Plaintiff's Second Amended Complaint. Defendant Hayden was standing near Olsten during the incident and witnessed Olsten's actions.

7. Defendant Hayden did not allegate Olsten for any misconduct related to this incident, nor did the SLMPD pursue charges against Olsten.

8. An Employee Misconduct Report was not generated nor was there an investigation into whether Olsten's conduct was reasonable, necessary and consistent with the law.

9. Based on the absence of an investigation and/or allegation, Defendant Hayden, now Commissioner Hayden, must have believed Olsten's actions were reasonable, necessary and consistent with the law.

10. Counsel for the City previously entered their appearance on behalf of Olsten on December 3, 2018. *Docket Entry 5.*

11. On July 16, 2019 the St. Louis City Circuit Attorney's Office filed a

Complaint against Olsten in *State v. Olsten*, 22nd Cir. No. 1922-CR02199, alleging he assaulted Plaintiff and other individuals by spraying them with pepper spray on September 29, 2017. The alleged conduct arises out of the same allegations contained in Plaintiff's Second Amended Complaint. A true and accurate copy of the Complaint is attached hereto as **Olsten Exhibit C**.

12. On August 23, 2019 the City Counselor's Office filed its Motion to Withdraw as Olsten's counsel and Memorandum in Support of same asserting the charges filed by the Circuit Attorney's Office created a conflict of interest between the City and Olsten in this cause. *Docket Entry 44 and 45*.

13. The Court granted the City Counselor's Motion to Withdraw on September 6, 2019. *Docket Entry 46*.

14. On May 28, 2021, the Court in the referenced criminal case entered its Judgment finding Olsten not guilty on all counts. A true and accurate copy of the Complaint is attached hereto as **Olsten Exhibit D**.

15. On August 28, 2021, RSMo 590.502 (aka "Law Enforcement Officer's Bill of Rights") became law. Section 7 provides:

> "Employers shall defend and indemnify law enforcement officers from and against civil claims made against them in their official and individual capacities if the alleged conduct arose in the course and scope of their obligations and duties as law enforcement officers. This includes any actions taken off duty if such actions were taken under color of law. In the event the law enforcement officer is convicted of, or pleads guilty to, criminal charges arising out of the same conduct, the employer shall no longer be obligated to defend and indemnify the officer in connection with related civil claims."

16. Olsten's conduct giving rise to the allegations herein, arose in the course and scope of his obligations and duties as a law enforcement officer.

17. Olsten has been acquitted of all charges alleged in connection with his conduct.

18.    The City is obligated to defend and indemnify Olsten in his individual capacity against the claims asserted by Plaintiff.

19.    The City's obligation to defend and indemnify Olsten is not obviated by a conflict of interest. If there is a conflict, the City has a duty to engage outside counsel for Olsten and continues to have a duty to indemnify him against any damages awarded in this matter.

20.    On August 10, 2021, Olsten sent a letter to Defendant Hayden enclosing the Judgement (**Exhibit D**) and setting out the defense and indemnity provision in RSMo. 590.502(7). Olsten's letter reasserted his demand for defense and indemnity. A true and accurate copy of Olsten's letter is attached hereto as **Exhibit E**.

WHEREFORE, Defendant/Crossclaimant William Olsten requests a judgment against the City for any and all expenses and attorneys' fees incurred by him in defending the claims asserted by Plaintiff herein, for the payment of any monetary judgment and costs awarded Plaintiff if any, and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

MILLIKAN LAW OFFICE, LLC

By:   */s/ Brian P. Millikan*
Brian P. Millikan, #50900MO
12180 Old Big Bend Road
Kirkwood Missouri 63122
(314) 621-0622 (Telephone)
(866) 640-0289 (Telefacsimile)
bmillikan@millikanlaw.com

## CERTIFICATE OF SERVICE

Certificate of Service Signature of the foregoing is also certification that the foregoing was filed electronically with the Clerk of the United States District Court for the Eastern District of Missouri to be served by operation of the electronic filing system upon the parties of record, this 2nd day of September, 2021.

    */s/ Brian P. Millikan*