UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HEATHER DEMIAN, | ) |
| | ) |
| Plaintiff, | )   Case No. 4:18-cv-01680-JCH |
| | ) |
| v. | )   JURY TRIAL DEMANDED |
| | ) |
| CITY OF ST. LOUIS, et al., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT CITY'S ANSWER TO AMENDED CROSS-CLAIM OF DEFENDANT OLSTEN**

Defendant City of St. Louis answers defendant William Olsten's amended cross-claim [ECF 88] as follows:

1. Plaintiff seeks damages in this action under 42 U.S.C. §1983 on account of an incident involving, among other things, the use of force by Olsten in the City of St. Louis at Busch Stadium on September 29, 2017.

**Defendant City admits the allegations of paragraph 1 of the amended cross-claim.**

2. At the time, Olsten was employed as a police officer of the City of St. Louis and was on duty acting in that capacity at all relevant times herein.

**Defendant City admits that defendant Olsten was employed by the City as a police officer and was required to be on duty as such on September 29, 2017, but denies all other allegations of paragraph 2 of the amended**

cross-claim, and specifically denies that defendant Olsten's conduct as alleged by plaintiff was within the course and scope of his duties as a law enforcement officer.

3. Pursuant to City of St. Louis Ordinance §3.10.040(H), the City is obligated to defend its police officer employees from claims asserted in connection with their acts while on duty. A true and accurate copy of City of St. Louis Ordinance §3.10.040(H) is attached hereto as **Olsten Exhibit A.**

**Defendant City admits that defendant Olsten has attached a true and accurate copy of St. Louis Revised Code (1994) §3.10.040.H, but defendant denies all other allegations of paragraph 3 of the amended cross-claim.**

4. Moreover, St. Louis Metropolitan Police Department Special Order 3-05, §XXII(A) provides in part that upon request the SLMPD may provide legal representation and indemnification for an employee who is named as a defendant in a civil action. A true and accurate copy of Special Order 3-05, §XXII(A) is attached hereto as **Olsten Exhibit B.**

**Defendant City admits that a true and accurate copy of the special order is attached to the amended cross-claim; further, defendant states that the special order speaks for itself and denies all other allegations of paragraph 4 of the amended cross-claim.**

5. There are two factors the City weighs to determine if defense and

2

indemnification will be provided:

a. The employee's actions must have been taken in the scope and course of his/her employment; and

b. The employee's actions must have been substantially consistent with the law and with the SLMPD's internal policies. Whether or not criminal charges have been filed is taken into consideration under this factor.

**Defendant City admits that the special order described in paragraph 5 provides some non-exclusive considerations in determining whether the City will defend or indemnify an employee of the division of police, but defendant City otherwise denies the allegations of paragraph 5.**

6. Defendant Hayden, now Commissioner of the SLMPD, was the highest ranking SLMPD official on the scene of the incident alleged in Plaintiff's Second Amended Complaint. Defendant Hayden was standing near Olsten during the incident and witnessed Olsten's actions.

**Defendant City admits that defendant Hayden is currently police commissioner and was present on September 29, 2017, at the time and place of the incident referenced in plaintiff's complaint; defendant denies all other allegations of paragraph 6 of the amended cross-claim.**

7. Defendant Hayden did not allegate Olsten for any misconduct related to this incident, nor did the SLMPD pursue charges against Olsten.

3

**Defendant City denies the allegations of paragraph 7 of the amended cross-claim.**

8. An Employee Misconduct Report was not generated nor was there an investigation into whether Olsten's conduct was reasonable, necessary and consistent with the law.

**Defendant City admits that no internal misconduct report or complaint was received from plaintiff or any other citizen concerning the allegations set forth in plaintiff's amended complaint herein, but otherwise denies the allegations of paragraph 8 of the amended cross-claim.**

9. Based on the absence of an investigation and/or allegation, Defendant Hayden, now Commissioner Hayden, must have believed Olsten's actions were reasonable, necessary and consistent with the law.

**Defendant City denies the allegations of paragraph 9 of the amended cross-claim.**

10. Counsel for the City previously entered their appearance on behalf of Olsten on December 3, 2018. *Docket Entry 5*.

**Defendant City admits the allegations of paragraph 10 of the amended cross-claim.**

11. On July 16, 2019 the St. Louis City Circuit Attorney's Office filed a Complaint against Olsten in *State v. Olsten*, 22nd Cir. No. 1922-CR02199, alleging he

4

assaulted Plaintiff and other individuals by spraying them with pepper spray on September 29, 2017.  The alleged conduct arises out of the same allegations contained in Plaintiff's Second Amended Complaint.  A true and accurate copy of the Complaint is attached hereto as **Olsten Exhibit C**.

**Defendant City admits the allegations of paragraph 11 of the amended cross-claim and that Exhibit C is a true and accurate copy of the criminal complaint as alleged.**

12. On August 23, 2019 the City Counselor's Office filed its Motion to Withdraw as Olsten's counsel and Memorandum in Support of same asserting the charges filed by the Circuit Attorney's Office created a conflict of interest between the City and Olsten in this cause.  *Docket Entry 44 and 45*.

**Defendant City admits the allegations of paragraph 12 of the amended cross-claim.**

13. The Court granted the City Counselor's Motion to Withdraw on September 6, 2019.  *Docket Entry 46*.

**Defendant City admits the allegations of paragraph 13 of the amended cross-claim, except the ECF reference.**

14. On May 28, 2021, the Court in the referenced criminal case entered its Judgment finding Olsten not guilty on all counts.  A true and accurate copy of the Complaint is attached hereto as Olsten Exhibit D.

**Defendant City admits the allegations of paragraph 14 of the amended cross-claim but notes that Exhibit D is a copy of the judgment and not the complaint.**

15.   On August 28, 2021, RSMo 590.502 (aka "Law Enforcement Officer's Bill of Rights") became law.  Section 7 provides:

"Employers shall defend and indemnify law enforcement officers from and against civil claims made against them in their official and individual capacities if the alleged conduct arose in the course and scope of their obligations and duties as law enforcement officers. This includes any actions taken off duty if such actions were taken under color of law.  In the event the law enforcement officer is convicted of, or pleads guilty to, criminal charges arising out of the same conduct, the employer shall no longer be obligated to defend and indemnify the officer in connection with related civil claims."

**Defendant City admits that §590.502, RSMo Supp., was enacted in 2021; defendant City further states that a portion of said statute is quoted in paragraph 15.**

16.   Olsten's conduct giving rise to the allegations herein, arose in the course and scope of his obligations and duties as a law enforcement officer.

**Defendant City denies the allegations of paragraph 16.**

17.   Olsten has been acquitted of all charges alleged in connection with his conduct.

**Defendant City admits the allegations of paragraph 17.**

18. The City is obligated to defend and indemnify Olsten in his individual capacity against the claims asserted by Plaintiff.

**Defendant City denies the allegations of paragraph 18.**

19. The City's obligation to defend and indemnify Olsten is not obviated by a conflict of interest.  If there is a conflict, the City has a duty to engage outside counsel for Olsten and continues to have a duty to indemnify him against any damages awarded Plaintiff as a result of Olsten's actions in the performance of his duty on September 29, 2017.

**Defendant City denies the allegations of paragraph 19.**

20. On August 10, 2021, Olsten sent a letter to Defendant Hayden enclosing the Judgement (Exhibit D) and setting out the defense and indemnity provision in RSMo. 590.502(7).  Olsten's letter reasserted his demand for defense and indemnity.  A true and accurate copy of Olsten's letter is attached hereto as Exhibit E.

**Defendant City admits the allegations of paragraph 20 and that Exhibit E is a true and accurate copy of the document as alleged.**

AFFIRMATIVE DEFENSES

21. Further answering, defendant City states that the amended cross-claim fails to state a claim upon which relief can be granted.

22. Further answering, defendant City states that the amended cross-claim is barred by sovereign immunity as provided in Mo.Rev.Stat.

§§537.600, et seq., in that the amended cross-claim seeks indemnification for tortious conduct.

23. Further answering, defendant City states that the amended cross-claim is barred by the general statute of frauds, Mo.Rev.Stat. §432.010, and the municipal statute of frauds, Mo.Rev.Stat. §432.070, as amended cross-claim plaintiff has not and cannot plead the existence of a written indemnity contract duly executed by an authorized officer of the City.

24. Further answering, defendant City states that the amended cross-claim is barred by public policy, in that the amended cross-claim seeks indemnification for intentional, unlawful acts as set forth in paragraph 11 of the amended cross-claim, which acts are the basis of the plaintiff's amended complaint against defendant Olsten herein.

25. Further answering, defendant City states that the amended cross-claim is barred because, under 42 U.S.C. §1983, a municipality cannot be liable for the acts of its subordinate employees and so indemnity cannot be enforced against a municipal employer by a current or former employee.

26. Further answering, defendant City states that the statute alleged in paragraph 15 of the amended cross-claim is void and unenforceable because (a) said statute was enacted as part of Missouri Session Laws S.B.

26 (2021), and said S.B. 26 is illegal, void and unenforceable in its entirety, in that it contravenes Mo.Const. art. III, §§21 & 23, by failing to include a clear title and by including multifarious subjects, unrelated to the purpose stated in the title of S.B. 26; (b) said statute is illegal, void and unenforceable in that it imposes unfunded state mandates on the City of St. Louis without State funding to defray the increased costs of compliance, in contravention of Mo.Const. art. X, §§16, 21; (c) said statute is illegal, void and unenforceable in that it attempts to prescribe powers and duties of elected and appointed officers of the City of St. Louis, a constitutional charter city, in contravention of Mo.Const. art. VI, §22; (d) said statute is illegal, void and unenforceable in that it mandates the expenditure of public funds for a private purpose, i.e., to defend and indemnify plaintiff for individual tortious acts taken in his individual capacity, in contravention of U.S.Const. amend. XIV and Mo.Const. art. III, §38(a); as applied to defendant Olsten, said statute would be an unconstitutional retrospective law, contravening Mo.Const. art. I, §13.

WHEREFORE, having fully answered, defendant City prays to be dismissed hence with its costs.

Respectfully submitted,<br>
SHEENA HAMILTON<br>
CITY COUNSELOR

9

/s/ Robert H. Dierker
Robert H. Dierker 23671(MO)
Associate City Counselor
dierkerr@stlouis-mo.gov
Brandon Laird 65564(MO)
Associate City Counselor
Abby Duncan 67766(MO)
Associate City Counselor
Adriano Martinez 69214(MO)
Catherine A. Dierker 70025(MO)
Assistant City Counselors
1200 Market St.
City Hall, Rm 314
St. Louis, MO 63103
314-622-3361
Fax 314-622-4956