# United States Court of Appeals
## *For The Eighth Circuit*

Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Room 24.329
**St. Louis, Missouri 63102**

**Michael E. Gans**
*Clerk of Court*

**VOICE (314) 244-2400**
**FAX (314) 244-2780**
www.ca8.uscourts.gov

November 16, 2023

Mr. Javad Mohammed Khazaeli
KHAZAELI & WYRSCH
Suite 211
911 Washington Avenue
Saint Louis, MO  63101

      RE:  22-3000  Heather De Mian v. City of St. Louis, Missouri, et al

Dear Counsel:

      The court has issued an opinion in this case. Judgment has been entered in accordance with the opinion.

      Please review Federal Rules of Appellate Procedure and the Eighth Circuit Rules on post-submission procedure to ensure that any contemplated filing is timely and in compliance with the rules. Note particularly that petitions for rehearing and petitions for rehearing en banc <u>must</u> be received in the clerk's office within 14 days of the date of the entry of judgment. Counsel-filed petitions must be filed electronically in CM/ECF. Paper copies are not required. Except as provided by Rule 25(a)(2)(iii) of the Federal Rules of Appellate Procedure, no grace period for mailing is allowed. Any petition for rehearing or petition for rehearing en banc which is not received within the 14 day period for filing permitted by FRAP 40 may be denied as untimely.

                        Michael E. Gans
                        Clerk of Court

NDG

Enclosure(s)

cc:    Mr.  Clerk, U.S. District Court, Eastern District of Missouri
       Ms. Abby Joe Duncan
       Mr. Brandon David Laird
       Mr. Adriano Alfonso Martinez
       Mr. Brian P. Millikan
       Mr. James R. Wyrsch

      District Court/Agency Case Number(s):   4:18-cv-01680-AGF

# United States Court of Appeals
## *For The Eighth Circuit*

Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Room 24.329
**St. Louis, Missouri 63102**

**Michael E. Gans**
*Clerk of Court*

VOICE (314) 244-2400
FAX (314) 244-2780
www.ca8.uscourts.gov

November 16, 2023

West Publishing
Opinions Clerk
610 Opperman Drive
Building D D4-40
Eagan, MN 55123-0000

    RE:  22-3000  Heather De Mian v. City of St. Louis, Missouri, et al

Dear Sir or Madam:

    A published opinion was filed today in the above case.

    Counsel who presented argument on behalf of the appellant and appeared on the brief was Javad Mohammed Khazaeli, of Saint Louis, MO. The following attorney also appeared on the appellant brief;  James R. Wyrsch, of Saint Louis, MO.

    Counsel who presented argument on behalf of the appellees City of St. Louis, Missouri and John Hayden, was Adriano Alfonso Martinez, of Saint Louis, MO. Counsel who presented argument on behalf of the appellee William Olsten, and appeared on the brief was Brian P. Millikan, of Kirkwood, MO. The following attorney also appeared on the appellee brief: Brandon David Laird, of Saint Louis, MO.

    The judge who heard the case in the district court was Honorable Audrey G. Fleissig.

    If you have any questions concerning this case, please call this office.

    Michael E. Gans
    Clerk of Court

NDG

Enclosure(s)

cc:  MO Lawyers Weekly

    District Court/Agency Case Number(s):   4:18-cv-01680-AGF

# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-3000
_____

Heather De Mian

*Plaintiff - Appellant*

v.

City of St. Louis, Missouri; John Hayden, COL., in his individual and official capacities; William Olsten, Officer, in his individual and official capacities

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: September 20, 2023
Filed: November 16, 2023

_____

Before COLLOTON, GRASZ, and KOBES, Circuit Judges.

_____

KOBES, Circuit Judge.

     Heather De Mian was filming a protest when Officer William Olsten pepper sprayed the crowd. She sued Officer Olsten, Commissioner John Hayden, and the City of St. Louis for violating her First Amendment rights, among other things. The

district court[1] granted summary judgment on De Mian's federal claims and declined to exercise supplemental jurisdiction over her state law claims. We affirm.

I.

This case treads familiar ground—it involves the same protest as two of our prior cases. *See Aldridge v. City of St. Louis*, 75 F.4th 895 (8th Cir. 2023); *Brandy v. City of St. Louis*, 75 F.4th 908 (8th Cir. 2023). On September 29, 2017, a crowd gathered outside of Busch Stadium in downtown St. Louis during a Cardinals game to protest a police officer's acquittal on first-degree murder charges. As police were waiving traffic through the crowd, there was an altercation. Police arrested two protestors and used a taser on one of them. As officers escorted the arrestees away, a crowd of protestors followed, yelling and screaming.

De Mian takes photographs and videos of newsworthy events, often protests. Several news outlets have featured her videos, which she films from a powered wheelchair. De Mian was livestreaming as she and other protestors followed the officers. Among the shouts of the crowd, De Mian's audio captures herself yelling: "You tase him? Why are you using a potentially lethal weapon on people? Okay, now you're pissing people off really badly. Why would you use a potentially lethal weapon?"

One of the officers escorting the arrestee was Officer Olsten. He and a protestor, Amir Brandy, had a heated exchange that continued even after Officer Olsten transferred the arrestee to another officer. Officer Olsten was soon face-to-face with Brandy, and he deployed his pepper spray, hitting Brandy and others in the crowd. Officer Olsten continued to spray for several seconds as he walked toward the crowd of protestors.

---

[1]The Honorable Audrey G. Fleissig, United States District Judge for the Eastern District of Missouri.

-2-

De Mian was more than 20 feet away, off to Officer Olsten's side when he was spraying. He never faced her, but she was near the edge of the arc that he sprayed over the crowd. Videos of the incident do not show whether she was hit by the spray, but she yelled soon after: "There was no dispersal order. Why did you spray me?"

De Mian sued Officer Olsten, Commissioner Hayden, and the City. She alleged violations of her First and Fourth Amendment rights under 42 U.S.C. § 1983 and brought municipal liability, civil conspiracy, and several state law claims. The district court granted qualified immunity to Officer Olsten, finding that no reasonable jury could conclude that his actions were motivated by De Mian's First Amendment conduct. It also granted summary judgment to the defendants on the remaining federal claims and declined to exercise supplemental jurisdiction over the state law claims.

On appeal, De Mian challenges the district court's grant of summary judgment on her First Amendment claim against Officer Olsten and her municipal liability claim against the City. She also argues that her state law causes of action should be "reinstated."

II.

We review a district court's grant of summary judgment based on qualified immunity *de novo*. *Aldridge*, 75 F.4th at 898. Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We view the facts in the light most favorable to the nonmoving party—De Mian—and give her the "benefit of all reasonable inferences." *Goffin v. Ashcraft*, 977 F.3d 687, 690–91 (8th Cir. 2020) (citation omitted).

Officer Olsten gets qualified immunity unless (1) the facts demonstrate the deprivation of a constitutional or statutory right, and (2) the right was clearly

-3-

established at the time of the deprivation. *Aldridge*, 75 F.4th at 898. De Mian argues that Officer Olsten deprived her of her First Amendment rights by pepper spraying her in retaliation for filming and protesting. To show retaliation, she must demonstrate that (1) she engaged in protected expression, (2) Officer Olsten took an adverse action that would chill a person of ordinary firmness from continuing the activity, and (3) there was a but-for causal connection between Officer Olsten's retaliatory animus and her injury. *Brandy*, 75 F.4th at 914–15. Peacefully protesting and reporting are generally protected forms of First Amendment expression. And a person of ordinary firmness would be chilled from continuing to report or protest after being pepper sprayed. *See Peterson v. Kopp*, 754 F.3d 594, 602 (8th Cir. 2014), *abrogated on other grounds by Laney v. City of St. Louis*, 56 F.4th 1153, 1157 n.2 (8th Cir. 2023). So the last question standing is whether there is a but-for causal connection between De Mian filming or protesting and Officer Olsten's decision to spray her.

"The causal connection is generally a jury question . . . [unless] the question is so free from doubt as to justify taking it from the jury." *Id.* at 603 (citation omitted). But "more than a temporal connection is required to present a genuine factual issue on retaliation." *Brandy*, 75 F.4th at 916 (citation omitted). So we have repeatedly held that a plaintiff must demonstrate that she was "singled out" due to her protected expression, whether as an individual or as part of a group. *Compare Quraishi v. St. Charles Cnty.*, 986 F.3d 831, 838–39 (8th Cir. 2021) (affirming denial of qualified immunity where police tear-gassed multiple reporters but not other people in the area), *with Aldridge*, 75 F.4th at 899–900 (affirming grant of qualified immunity and distinguishing *Quraishi* on the ground that everyone in the area, including the plaintiffs, was protesting when the officer sprayed them "indiscriminately"). Because De Mian has not pointed to any facts showing that Officer Olsten singled her out, either individually or as part of a particular group, her claim fails.

This case is indistinguishable from *Aldridge*, where we affirmed summary judgment against the plaintiffs because "there [was] no evidence in the record that

-4-

[the plaintiffs] had any interaction with Officer Olsten, that Officer Olsten was aware of their presence, or that [they] did anything to differentiate themselves from the other protestors in the crowd." 75 F.4th at 900. And it is distinct from the cases in which we affirmed the denial of qualified immunity where the officers plausibly directed their retaliatory conduct directly at the plaintiffs for their First Amendment activities. *See Green v. City of St. Louis*, 52 F.4th 734, 737 (8th Cir. 2022) (officers "fired tear gas in [Green's] direction" as she was leaving a protest and walking to her car); *Welch v. Dempsey*, 51 F.4th 809, 811 (8th Cir. 2022) (officer "approached Welch . . . and sprayed her in the face"); *Brandy*, 75 F.4th at 913–16 (officer had a verbal altercation with Brandy before he "deployed his pepper spray, hitting Brandy, who was directly in front of him"). Nothing in the record shows that Officer Olsten directed his actions toward De Mian.

De Mian argues that she is a well-known reporter and is readily identifiable because she is in a wheelchair. But this fact, without more, is insufficient for a jury to infer that Officer Olsten knew or recognized her. She also speculates that Officer Olsten may have been retaliating against her for filming. But "there is no evidence Officer Olsten observed her filming or deployed pepper spray in retaliation for her doing so." *Aldridge*, 75 F.4th at 900. Finally, she argues that she was yelling and screaming, so a reasonable jury could find that Officer Olsten heard her. But the plaintiffs in *Aldridge* were also yelling and screaming, and nothing in the record indicates that Officer Olsten heard anyone other than Brandy. To the contrary, in a video recorded close to Officer Olsten and Brandy, De Mian's shouts cannot be heard.

There is no evidence from which a reasonable jury could infer that De Mian's actions motivated Officer Olsten to spray in her direction. So the lack of a causal connection is "so free from doubt as to justify taking [this question] from the jury." *Peterson*, 754 F.3d at 603 (citation omitted).

-5-

III.

To tie up two loose ends: De Mian's municipal liability claim also fails because "absent a constitutional violation by a city employee, there can be no" municipal liability for the City. *Whitney v. City of St. Louis*, 887 F.3d 857, 861 (8th Cir. 2018). And we decline to instruct the district court to exercise supplemental jurisdiction over De Mian's state law claims. De Mian argues that because her federal claims should be reinstated, her state law claims should also be reinstated. But her federal claims fail. So the district court did not abuse its discretion by declining to exercise supplemental jurisdiction. *See* 28 U.S.C. § 1367(c); *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009).

IV.

The district court's judgment is affirmed.

_____